JjPLOTKIN, Judge.
Relator Phaedra Brown seeks review of a trial court order ordering her attachment and incarceration for 10 days “for her noncompliance with the order of visitation in this matter.” We reverse the trial court’s order and remand to the trial court for further proceedings.
Ms. Brown and respondent Darius S. Mimms, Sr. are the parents of a minor child, Darius Mimms, Jr. Following a January 10, 2001, hearing, the trial court apparently issued an oral order regarding Mr. Mimms’ right to visitation with his minor son, assigning rights and responsibilities to each party. A written judgment, read and signed by the trial judge on February 2, 2001, provided, in pertinent part, as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT each party is to refrain from non-compliance of this order, under penalty of an immediate attachment, and incarceration for ten (10) days for said non-compliance;
On the same day the trial court signed the Order quoted above, February 2, 2001, Mr. Mimms filed a “Motion and Order for Attachment” in the trial court, alleging that Ms. Brown had committed numerous acts of non-compliance with the January filO, 2001 visitation order. Mr. Mimms attached to that Motion an Order providing for Ms. Brown’s attachment and incarceration for ten days and for the awarding of temporary custody of the minor child to Mr. Mimms. The trial judge signed that Order the same day, but stamped the paragraph referring to the temporary custody of the minor child: “DENIED— MUST BE SET FOR CONTRADICTORY HEARING.”
On March 9, 2001, Ms. Brown filed an “Emergency Application for Writs of Review and Certiorari and Mandamus and Request for Stay from a Ruling” in this court. In her application, Ms. Brown made the following factual claims: (1) that Mr. Mimms prepared the Order signed by the trial judge on February 2, 2001, (2) that the trial judge never ruled at the January 10, 2001, that either party would be subject to 10 days incarceration for non-compliance with the order, and (3) that many of the alleged acts of non-compliance listed in Mr. Mimms’ Motion occurred prior to the January 10, 2001, hearing. Ms. Brown also made two legal arguments relative to the attachment and incarceration order: (1) that the trial court improperly signed the order because Mr. Mimms’ Motion did not contain an affidavit attesting to the truth of the allegations in the Motion, and (2) that she was improperly incarcerated without due process of law regarding notice and a right to be heard and defend against Mr. Mimms’ allegations.
On March 9, 2001, this court issued an order providing for three things: (1) a stay of the, trial court’s attachment and incarceration order until farther orders of this court, (2) a supplemental writ application from Ms. Brown to show why her |swrit application should not be dismissed as untimely, and (3) a response to the writ application from Mr. Mimms. Although Ms. Brown supplemented her writ application with allegations that she filed her application as soon as she learned of the attachment and incarceration order, Mr. *920 Mimms never filed a response to the writ application.
Accordingly, on May 1, 2001, this court issued another order, ordering the trial judge to file a per curium opinion with this court within seven days, addressing the issues raised by Ms. Brown and providing documentation supporting its order of attachment and incarceration. The trial court finally filed a per curium on May 29, 2001. The trial court rehearsed the history of the case, including Ms. Brown’s previous failures to follow the court’s orders regarding the visitation schedule, then stated as follows concerning her January 10, 2001, order:
This honorable court admonished both parties, on the record, that a failure to comply with this order would cause an attachment to issue for the arrest of the non-compiling [sic] party. Each party was further admonished that this attachment would issue without benefit of a hearing and subject the party to be incarcerated for a period of ten days. On February 2, 2001, upon a finding by this court that the appellant continuously disregard [sic] for the authority of the court, an attachment issued as stated, for her failure to comply with the January 10th 2001 court order.
Thus, the trial court admitted that no notice was issued and that no hearing was held concerning her decision to issue the attachment against Ms. Brown.
It is axiomatic that due process considerations require that a party subject to attachment and incarceration must be provided an opportunity to be heard and to defend against the allegations against him or her. See U.S. Const, amend. 14; La. Const. Art. 1, § 2. Those fundamental due process rights may be considered inapplicable or waived simply because the trial court told the parties that failure to Rcomply with result in the issuance of an attachment. In the instant case, the trial court signed a written order providing that a non-complying party would be subject to attachment and incarceration on the same day as the Motion and Order for Ms. Mimms attachment and incarceration was signed. The trial court may not simply accept Mr. Mimms’ assertions that Ms. Brown failed to comply with the visitation order; Ms. Brown has a right to be given notice of the hearing and an opportunity to disprove Mr. Mimms’ assertions. Accordingly, the trial court’s attachment and incarceration order against Ms. Brown is reversed. This case is remanded to the trial court for further proceedings consistent with this decision.
REVERSED; REMANDED.